Case 1:10-cv-02169-CM   Document 6-1   Filed 06/11/10   Page 1 of 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY F
DOC #: _____
DATE FILED: 6/11/10
```





RECEIVED
JUN 10 2010
CHAMBERS OF
COLLEEN McMAHON

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

MATTHEW WEIR
*Assistant Corporation Counsel*
Telephone: (212) 676-1347
Fax: (212) 788-9776
mweir@law.nyc.gov

**MEMO ENDORSED**

June 10, 2010

*[Handwritten endorsement:]* 6/11/2010 If no individual defts have been qualified served no one can move for qualified immunity dismissal. Therefore the request is granted. [initials]

**BY FAX**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Jahumi Harrigan, et al. v. City of New York, et al.
10 Civ. ~~529~~ 2169 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter in which the Court, through its endorsement of the parties' proposed scheduling order, previously ordered that plaintiffs' depositions were to be taken no later than June 14, 2010. For the reasons set forth herein, defendant respectfully requests that deadline to depose the plaintiffs' is extended until fourteen days after any individually named defendant submits an answer and Notice of Motion for summary judgment on the grounds of qualified immunity.[1] Plaintiffs' counsel consents to this request.

      As a preliminary matter, defendant notes that the parties have made a good faith effort to schedule the plaintiff's depositions before the current deadline. However, scheduling conflicts, including a trial scheduled in a separate matter being handled by plaintiffs' counsel, have made it impossible to find dates to accommodate the two plaintiffs' depositions. Given

---

[1] In accordance with the Court's Individual Practices, following plaintiffs' depositions, should it become apparent that no good faith basis exists to move for summary judgment on behalf of any individually named officers, the Notice of Motion would be promptly withdrawn.

1

these difficulties, defendant submits that an extension of the deadline is necessary so that the parties can find mutually convenient dates on which to hold plaintiffs' depositions.

Moreover, defendant also notes that the current deadline was proposed by the parties based on anticipated compliance with the Court's Individual Practices regarding qualified immunity. However, since the Court's rules regarding the issue of qualified immunity remain moot unless and until individual defendants are joined in this action, defendant maintains that an extension of the deadline until after such defendants answer the complaint is appropriate. The proposed extension will also allow the parties to continue their shared efforts at negotiating an early resolution of this matter before incurring the expenses associated with plaintiffs' depositions.

No previous request for an extension of this deadline has been made in this matter. This extension will not conflict with any of the other scheduled deadlines in this matter. For these reasons, defendant respectfully requests that the Court extend the deadline for plaintiffs' depositions until fourteen days after any individually named defendant submits an answer and Notice of Motion for summary judgment on the grounds of qualified immunity.

I thank the Court for its time and consideration of these requests.

Respectfully submitted,

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Robert Marinelli, Esq., attorney for Plaintiff (via fax)