UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAHUMI HARRIGAN & JAHRUDO HARRIGAN,

                                         Plaintiffs,

                   -against-

THE CITY OF NEW YORK, CAPTAIN PAUL LICHTBRAUN, LT. ANTHONY RONDA, SGT. EMILE PROVENCHER, (SHIELD # 4239), DETECTIVE PAUL MCCANN, (SHIELD #3147), DETECTIVE ANTONIO EDWARDS, (SHIELD # 5118), DETECTIVE LARRY MURAJ, (SHIELD # 4801), DETECTIVE MARK MCDONALD, (SHIELD # 6272), DETECTIVE TODD HABERSHAM, (SHIELD # 7204), P.O. DEON AYALA, (SHIELD # 7817), DETECTIVE FRANCISCO BERMUDEZ, (SHIELD #2153), DETECTIVE THOMAS CARVIN, (SHIELD # 5113), DETECTIVE STEVEN GANSROW, (SHIELD # 2866), DETECTIVE RICHARD BAEZ, (SHIELD # 6849), P.O. SHAWN WILKINSON, (SHIELD # 25638), DETECTIVE DARREN BRUCE, (SHIELD # 1290)

                                           Defendants.
------------------------------------------------------------------------ x

**ECF CASE**

**FIRST AMENDED COMPLAINT**

10-CV-2169(CM)(MHD)

Jury Trial Demanded

## PRELIMINARY STATEMENT

      1.     This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from an November 5, 2009 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to an illegal entry and search of their home, false arrest, excessive force, an illegal strip search and fabricated evidence.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiffs' rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

**PARTIES**

4. Plaintiffs are residents of the State of New York, County of New York. Neither plaintiff has a criminal record.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Captain Paul Lichtbraun, Lt. Anthony Ronda, Sgt. Emile Provencher, , Detective Paul McCann, Detective Antonio Edwards, Detective Larry Muraj, Detective Mark McDonald, Detective Todd Habersham, P.O. Deon Ayala, Detective Francisco Bermudez, Detective Thomas Carvin, Detective Steven Gansrow, Detective Richard Baez, P.O. Shawn Wilkinson, Detective Darren Bruce (the "officers") are members of the NYPD who were involved in the police action taken against plaintiffs on November 5, 2009. The Officers are sued in their individual capacities.

**STATEMENT OF FACTS**

7. On November 5, 2009, at approximately 7:30 a.m., the Officers illegally broke open the door to plaintiff's home located at 230 West 131st Street, apartment 7E, New York, New York.

8. After breaking open the door, the police officers illegally entered plaintiffs' home, pointed their guns at plaintiffs and arrested plaintiffs without cause.

9. In the course of formally arresting plaintiffs, the officers handcuffed plaintiffs excessively tight causing marks to plaintiffs' wrists and interfering with plaintiffs' circulation. Jahumi Harrigan was roughly thrown to the ground and an officer's knee was shoved sharply into his back. Handcuffs were placed so tightly on plaintiffs that their hands turned blue and swollen.

10. The officers then illegally searched plaintiffs' home, ransacked the premises, and destroyed several of plaintiffs' possessions such as glasses, picture frames and a bunk bed.

11. Thereafter, the officers took plaintiffs out of their home in handcuffs and escorted plaintiffs to a police van in full view of plaintiffs' neighbors.

12. After plaintiffs were placed into a police van, they were driven around for approximately two-and-a-half hours. The police then took plaintiffs to the 32nd Precinct for arrest processing. Once at the precinct one of the officers strip searched each plaintiff. The officer ordered each unclothed plaintiff to bend over, squat and cough.

13. In the afternoon of November 5, 2009, the police took plaintiffs to Central Booking to await arraignment.

14. While plaintiffs were awaiting arraignment, one or more of the arresting officers met with an Assistant District Attorney.

15. The arresting officer(s) misrepresented to the Assistant District Attorney that plaintiffs were in possession of drugs.

16. At no time were plaintiffs in actual or constructive possession of drugs.

17. The Assistant District Attorney rejected the account given by the officer(s) and declined to prosecute plaintiffs which resulted in the charges being dismissed.

18. As a result of defendants' actions, plaintiffs experienced pain, physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST THE OFFICERS**

19. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The conduct of the Officers, as described herein, amounted to an illegal entry and search of plaintiffs' home, false arrest, excessive force, and fabricated evidence. This conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

21. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The City of New York directly caused the constitutional violations suffered by plaintiffs.

23. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its employees, including the John Doe defendants, are unfit, poorly trained, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

24. The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: July 25, 2010
New York, New York

ROBERT  MARINELLI
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427


By:


\_\_\_/ss/_____
ROBERT MARINELLI (RM-4242)