```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/10
```

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MATTHEW
*Assistant Corporation*
Telephone: (212)
Fax: (212)
mweir@law

August 9, 2010

8/9/10

**BY FAX**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED** Granted.

*[signature] Colleen McMahon*

Re:   Jahumi Harrigan, et al. v. City of New York, et al.
      10 Civ. 2169 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter in which plaintiffs have recently amended their complaint to join fifteen police officers as defendants. As the parties have thus far had productive settlement negotiations and believe that a settlement will likely be reached with the assistance of the Court, defendant respectfully requests that the Court refer this matter to Magistrate Judge for purposes of settlement. In addition, so that the parties can continue settlement negotiations without incurring potentially unnecessary litigation expenses, defendant respectfully requests that its answer to the amended complaint be held in abeyance until ten days after a settlement conference with Judge Dolinger is held. Plaintiffs' counsel consents to these requests.

      Upon review of the civil docket sheet in this matter, the fifteen individually named defendants were served with a copy of the summons and complaint on July 29, 2010. This office has not discussed the manner of service with these defendants and we make no representation herein as to the adequacy of service upon them. A decision concerning this office's representation of defendants Ayala, Baez, Bermudez, Bruce, Carvin, Edwards, Gansrow, Habersham, Lichtbraun, McCann, McDonald, Muraj, Provencher, Ronda and Wilkinson has not yet been made and, accordingly, this request for an abeyance is not made on their behalf. However, given the time involved in determining the representation of such a large number of police officers, and in the interest of judicial economy, if they have been properly served, we

would hope that the Court may, *sua sponte*, hold the answer to amended complaint in abeyance for all of the defendants.

By way of background, plaintiffs allege in their amended complaint that New York City Police Officers illegally searched their home on November 5, 2009, after which plaintiffs claim they were thereafter falsely arrested and subjected to excessive force. Document discovery in this matter has revealed that plaintiffs home was the subject of a search warrant and that the individually named defendants were each part of the Manhattan North Narcotics team that executed the search warrant on November 5, 2009. While police documents indicate that narcotics were found in the home and that another individual pled guilty to possession of those narcotics, plaintiffs were each released upon the decision of the Assistant District Attorney to not prosecute them.

As noted above, the parties have engaged in significant settlement discussions to date, and share the belief that a settlement of this matter can be reached with judicial assistance. No previous requests for a referral of this matter or an abeyance of the defendants' answer to the amended complaint have been made in this action. Moreover, no modification of the scheduling order will be necessary should these requests be granted. Therefore, so that the parties may continue their good faith efforts to reach such a settlement before incurring the expense of additional discovery, defendant respectfully requests that this matter be referred to Magistrate Judge Dolinger for purposes of settlement, and that defendant's answer to the amended complaint be held in abeyance until ten days after a settlement conference is held.

I thank the Court for its time and consideration of these requests.

Respectfully submitted,

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Robert Marinelli, Esq., attorney for Plaintiff (via fax)